**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

ANTHONY OLIVER,                           :
                                          :
          Plaintiff,                      :
                                          :
v.                                        :          Case No. 7:25-cv-120-WLS-ALS
                                          :
GEORGIA DEPARTMENT OF                     :
CORRECTIONS, *et al.*,                    :
                                          :
          Defendants.                     :
                                          :

_____

**ORDER**

Plaintiff Anthony Oliver, a *pro se* inmate currently confined at Valdosta State Prison in Valdosta, Georgia, filed a 42 U.S.C. § 1983 action and moved to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). She[1] did not use the required form or provide a certified copy of her trust fund account statement, both of which are necessary before the Court can perform the required preliminary review under 28 U.S.C. § 1915A(a).

Before this Court can proceed with its analysis of Plaintiff's claim, she must file her complaint on the required § 1983 form. The form must be completed in full. The Court is aware that Plaintiff has previously been declared a vexatious litigant, who has filed numerous, frivolous lawsuits in various federal courts. See *Oliver v. State*, 364 Ga. App. 828, 832, 876 S.E.2d 34 (Ga. Ct. App. 2022) (noting that during her criminal trial, the "State introduced other act evidence of suits filed by Oliver against third parties in California and a federal court order declaring h[er] to be a vexatious litigant subject to pre-filing procedures"); *Oliver v. Ameris Bank*, No. 21-13005, 2023 WL 6159997, at *1 n.2 (11th Cir. Sept. 21, 2023) (citations omitted) (noting that Oliver has

---

[1] Plaintiff states that she uses the pronouns "her" and "she." (Doc. 1, at 1 n.2).

been declared a "vexatious litigant" by the United States District Court for the Southern District of Georgia and "Oliver has also been identified as a vexatious litigant in the Central District of California"). <u>Plaintiff must disclose her **FULL** litigation history in response to questions four, five, six, seven, and eight on the required § 1983 form. Plaintiff is warned that failure to fully and truthfully disclose her past litigation will result in the dismissal of this action.</u>

Plaintiff may attach to her complaint any number of additional pages that are necessary for her to **FULLY** disclose her litigation history. However, except for the pages necessary for the full disclosure of her litigation history, the complaint is limited to **ten (10) pages**.[2] Plaintiff may not write on both sides of any additional pages she includes with the § 1983 form. Plaintiff must write legibly. If the Court cannot read the complaint, it will be dismissed. Plaintiff must identify by name all Defendants she seeks to sue in the heading of her complaint. In the Statement of Claim section (Section V, numbered paragraph 13 on the complaint form), Plaintiff should list each Defendant again and tell the Court exactly how and when each of the named Defendants supposedly violated Plaintiff's constitutional or federal statutory rights. Again, Plaintiff's complaint must not exceed a total of ten (10) pages, as discussed above.

Plaintiff included an *uncertified* partial copy of her trust fund account statement with her motion to proceed IFP. (Doc. 2-1). However, the Prison Litigation Reform Act requires a prisoner to file a *certified* copy of his or her trust fund account statement for the six months "immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Thus, Plaintiff's motion to proceed IFP is incomplete. She must submit (1) an affidavit in support of her claim of indigence and (2) "a certified copy of [her] trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" *Id*. § 1915(a)(1)-(2).

---

[2] In other words, the standard § 1983 form is six pages in length. Plaintiff may include four additional pages in which she sets forth her claim or claims.

Accordingly, Plaintiff is **ORDERED** to submit the completed 42 U.S.C. § 1983 form and a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of her trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms (with the civil action number written on them). Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address. If Plaintiff does not timely and fully comply with this Order, this action will be dismissed. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 3rd day of November, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE